UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIN LI, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MJ'S OF MATAWAN LLC d/b/a MJ's Restaurant Bar & Grill, VILLAGE FALLS LLC d/b/a MJ's Restaurant Bar & Grill, ANGELO DICAPUA, ROBERT WEBSTER, CHRISTINA DILUCCIO, JOHN DOE 1-3, fictitiously named parties, true name(s) unknown, JANE DOE 1-3, fictitiously named parties, true name(s) unknown, and COMPANY ABC 1-10, fictitiously named business entities, true name(s) unknown,<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.:**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff MIN LI (hereinafter referred to as "Plaintiff") by way of Complaint against the Defendants, states as follows:

**INTRODUCTION**

1. Plaintiffs allege on behalf of himself and on behalf of other similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") that among other things, they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis.

2. Plaintiffs further complains that among other things, they are entitled to back wages for overtime work for which Defendants willfully failed to pay overtime premium

pay, and liquidated damages, as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3. Plaintiff is an individual and a former employee of Defendants.

4. The corporate defendants own and operate their business at many different restaurant locations (collectively, the "MJ's").

5. The corporate defendants were owned and controlled by Defendant Angelo DiCapua and Defendant Robert Webster.

6. Among the corporate defendants, Defendants MJ'S OF MATAWAN LLC d/b/a MJ's Restaurant and VILLAGE FALLS LLC d/b/a MJ's Restaurant are limited liability companies formed in the State of New Jersey which conduct business in the State of New Jersey.

7. On its own website, MJ's claims that it owns and operates many restaurant locations.

8. All MJ's Restaurant entities should be held liable for the labor law violations at issue.

9. Upon information and belief, Defendant Angelo DiCapua is an individual who resides in the state of New Jersey.

10. Upon information and belief, Defendant Robert Webster is an individual who resides in the state of New Jersey.

11. At all relevant times, each corporate defendant has been, and continues to be, operating bar and grill restaurants under the name of MJ's Restaurant Bar & Grill.

12. Defendant Angelo DiCapua was an owner of MJ's.

13. Defendant Angelo DiCapua had the power to hire and fire employees, set wages, set work schedules, supervised the employees, and maintained employment records.

14. Defendant Robert Webster was an owner of MJ's.

15. Defendant Robert Webster had the power to hire and fire employees, set wages, set

work schedules, supervised employees, and maintained employment records.

16. Defendant Christina DiLuccio was the General Manager for MJ's. She managed the operation of MJ's at all locations, and made employment-related decisions on behalf of the two owners, to wit, the other two individual defendants.

17. Defendant Christina DiLuccio had the power to hire and fire employees, set wages, set work schedules, supervised employees, and maintained employment records.

18. Upon information and belief, Defendant Christina DiLuccio reported to Defendants Angelo DiCapua and Robert Webster, and would seek their approval with respect to important business decisions and employment related decisions.

19. Defendants John Doe 1-3 and Jane Doe 1-3 are individuals, true names unknown at this time, affiliated with the other defendants.

20. Defendants COMPANY ABC 1-10 are business entities, true names unknown at this time, affiliated with the other defendants. These entities operated MJ's Restaurant Bar & Grill business at other locations.

21. All defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

22. All corporate defendants share common ownership and financial control, and have common management and centralized control of labor relations.

23. The individual defendants jointly developed MJ's systemic wage-and-hour practices, which applied to all of its business locations.

24. Since its inception, MJ's has never paid overtime wages to the restaurant workers.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and all transgressions occurred in this district.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

27. Pursuant to 29 U.S.C. § 206 and §207, Plaintiff seek to prosecute their FLSA claims as a collective action on behalf of all persons who is or were employed by Defendants in the United States at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

28. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

29. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

30. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

31. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New Jersey Wage and Hour Laws ("NJWHL") by Defendants, that have deprived Plaintiff and other similarly situated of their lawful wages from Defendants for

overtime work for which they did not receive overtime premium pay as required by law.

## FACTS

32. Plaintiff was hired as a sushi chef for MJ's on or about December 1, 2015, and remained employed by Defendants until about September 30, 2021.

33. As the General Manager, Defendants Christina DiLuccio supervised Plaintiff's work, set Plaintiff's wage, controlled his work schedule, and maintained his employment records.

34. Plaintiff worked five days a week and generally worked no less than 55 hours a week.

35. From December 2015 to July 2017, Plaintiff's was paid $16 per hour.

36. From July 2017 to August 2021, Plaintiff's was paid $18 per hour.

37. From August 2021 to September 11, 2021, Plaintiff was paid $19 per hour.

38. MJ's owned and operated seven to eight restaurant locations.

39. All defendants were sufficiently associated with each other with respect to the employment of their employees, including Plaintiff, because among other things, they shared resources, manpower, and joint management in general.

40. Each Defendant is jointly and severely liable to the damage of the employees, including Plaintiff.

41. Defendants failed to pay the restaurant workers, including Plaintiff, statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

42. Defendants violated multiple aspects of the federal and state labor laws by mishandling each plaintiff's personal days, sick days, holidays, vacation time,

breaks, and overtime compensation calculations.

43. Defendants failed to meet the statutory recordkeeping requirements under both the federal and state labor laws.

## FIRST CAUSE OF ACTION

**Violation of the Fair Labor Standards Act- Overtime**
**(On behalf of Plaintiff and the FLSA Collective)**

44. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

45. Under the FLSA, Plaintiff is entitled to receive one and one-half (1.5) times their regular rate for each hour worked above 40 in a given workweek.

46. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

47. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

48. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiffs' compensation.

49. As a result of Defendants' actions, Plaintiff has been damaged and are entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## SECOND CAUSE OF ACTION

### Violation of the New Jersey Wage & Hour Law- Overtime
### (On behalf of Plaintiff and all Rule 23 Class Members)

50. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

51. Under the New Jersey Wage & Hour Law, Plaintiff is entitled to receive one and one-half (1.5) times their regular rate for each hour worked above 40 in a given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

52. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

53. As a result of Defendants' actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the New Jersey Wage and Hour law, including without limitation unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: December 17, 2021

        WANG, GAO & ASSOCIATES, P.C.
        *Attorneys for Plaintiff*

        */s Heng Wang*
    By:  Heng Wang, Esq.
        36 Bridge Street
        Metuchen, NJ 08840

Tel:    (732) 767-3020  
Fax:   (732) 343-6880  
heng.wang@wanggaolaw.com

# Exhibit A

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I was formerly employed by MJ's Restaurant, Bar & Grill and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: December 8, 2021

_____
Min Li

# Exhibit B

## **LITIGATION HOLD NOTICE**

To: All Defendants

Please take notice that we have initiated a lawsuit against you in the United States District Court, District of New Jersey wherein the Plaintiff Min Li, on behalf of himself and other persons similarly situated, seeks recovery of unpaid wages pursuant to the federal and state wage and hour laws.

This lawsuit will be governed by the Federal Rules of Civil Procedure, which apply to all lawsuits filed in United States federal courts such as the one in the District of New Jersey. Pursuant to the Federal Rules of Civil Procedure, every party to a lawsuit has a duty to preserve all evidence relevant to this legal dispute. In order to comply with the Federal Rules of Civil Procedure, it is important that you place a "Litigation Hold" on any information and/or materials that are potentially relevant to the Plaintiff's claims by (1) identifying and segregating any such potentially relevant information and/or materials; and (2) suspending the application of any routine and/or automatic document destruction practices that you may have as to any such potentially relevant information or materials. Your failure to properly enact a Litigation Hold and preserve the potentially relevant information and/or materials may lead to the Plaintiff's application for sanctions, which may include, but not limited to, the imposition of monetary sanctions, the direction that negative inferences be drawn based upon the unavailability of the potentially relevant information and/or materials, the creation of separate causes of action for fraudulent concealment of evidence and/or spoliation of evidence, or the dismissal of your Answer to the Complaint resulting in a default decision on the Plaintiff's behalf, and potentially on behalf of a collective and/or class of other plaintiffs.

The duty to preserve evidence is broad and extends to all documents, regardless of whether the document is stored electronically (such as emails, computer files, or surveillance recordings) or in hard-copy and regardless of the type of document.  For example, reports, spreadsheets, photographs and videotapes are all considered documents that must be preserved.  Furthermore, the duty to preserve this documentary evidence extends to all documents in existence as of the time you reasonable anticipated this litigation.

Based on the claims asserted in the Complaint, all information and/or materials concerning the Plaintiff through and including the termination of his employment to the present, as well as all information and/or materials concerning your pay practices concerning ALL employees and former employees in the past six (6) years are potentially relevant to these disputes.

To ensure that all relevant documents are preserved, you should communicate directly with all employees who have possession or control of potentially relevant evidence, including but not limited to personnel who deal with physical and/or electronic files retention, deletion, and archiving. You should advise each of these employees to preserve any relevant documents in their custody.  Furthermore, you should advise all such persons that any regularly scheduled and/or automatic deletion of email or other electronic documents must be discontinued with

11

respect to any relevant data.  In addition, any document destruction (such as shredding of documents) must cease with respect to any relevant documents.  All relevant documents, both electronic and paper, must be preserved for the duration of this litigation.

          Very truly yours,

          _____

          Heng Wang
          Counsel for Plaintiff